Genyce E. BURR, Individually and on behalf of all other persons similarly situated, Plaintiffs,

v.

David PRYOR, Governor, State of Arkansas, David Ray, State Comm. of Dept. of Human Services, Frankie Wallingsford, Dir. Arkansas Office of Alcohol Abuse & Alcoholism, Clarence Perkins, Adm'r Southeast Arkansas Mental Health Center, and Bessie Lancelin, Supervisor, Alcohol Abuse Control Center, Defendants.

No. LR–C–78–173.

United States District Court,
E. D. Arkansas, W. D.

April 27, 1979.

Mary Ann Spencer, Little Rock, Ark., and James Carfagno, Jr., Legal Aid Bureau of Central Arkansas, Pine Bluff, Ark., for plaintiffs.

Robert R. Ross, Deputy Atty. Gen., Little Rock, Ark., for defendants.

## MEMORANDUM OPINION

ROY, District Judge.

In this action plaintiff Genyce E. Burr challenges the constitutionality of Arkansas' statutory scheme pertaining to the involuntary commitment of alleged alcoholics. The plaintiff brings this action individually and on behalf of all other persons who are now subject, or who in the future might be subjected, to involuntary commitment on the basis of alleged alcoholism. This Court's jurisdiction has been invoked pursuant to the substantive provisions of 42 U.S.C. § 1983 and its procedural counterpart, 28 U.S.C. § 1343(3) & (4). The parties have now submitted a proposed consent decree for the Court's approval pursuant to the provisions of Rule 23(e) of the Federal Rules of Civil Procedure. This Memorandum Opinion constitutes the Court's reasons for approving the proposed consent decree without modification.

The Arkansas Judicial Council, a voluntary association of Arkansas' Circuit Court and Chancery Court Judges, has been permitted to appear in this cause through legal counsel. Although the Council has not been a party litigant to these proceedings, the Court allowed the Council to appear informally in this cause for the limited purpose of offering suggested modifications to the consent decree. The Court felt that the participation of the Council was prudent inasmuch as some of the members of the Council, more specifically, the Chancery Judges, would be charged with effectuating the Court's Decree.

A settlement conference was conducted by the Court on Thursday, April 19, 1979. In open court, for the purpose of making the record clear, the plaintiff's counsel and defense counsel stated that an agreement between the parties had been reached. At that time the Court permitted the filing of the Agreement and Stipulation which had been entered into by the parties and which is virtually identical to the proposed decree. The Court was also advised in open court that the Attorney General, the Director of Arkansas' Department of Human Services, the Director of Arkansas' Office on Alcohol and Drug Abuse and the Governor of the State of Arkansas were in agreement with the Stipulation and Agreement tendered by the parties in open court. The Court was also advised by counsel for the plaintiff that the Agreement and Stipulation had been entered into with her express consent and approval. The Executive Committee of the Arkansas Judicial Council has expressed its approval of the proposed consent decree in general, but has suggested one modification in the language of the proposed decree. Since there is disagreement as to one provision only, the Court will confine its discussion to the relevant provision.

The Executive Committee of the Arkansas Judicial Council has suggested that the second sentence of paragraph C on page two of the proposed decree be modified by deleting the phrase "and upon advice of counsel". The pertinent sentence, as presently worded, reads: "The alleged alcoholic may knowingly waive any or all of his/her legal rights by executing a waiver in the presence of the probate judge and upon advice of counsel". If the Court accepts the modification suggested by the Council, the sentence would read: "The alleged alcoholic may knowingly waive any or all of his/her legal rights by executing a waiver in the presence of the probate judge". The Council is apparently concerned that the provision, as presently worded, means that an alleged alcoholic cannot waive any legal

right concerning commitment without the advice of counsel. The language of the provision supports such an interpretation. The Council is also apparently concerned that this provision will extend greater protection to an alleged alcoholic than the law affords persons accused of serious criminal offenses. Persons accused of serious felony offenses may waive important constitutional rights without conferring with a lawyer. The United States Supreme Court has held that a person may relinquish certain rights as long as the waiver is voluntarily, knowingly and intelligently made. It should be pointed out, however, that most, if not all, of the United States Supreme Court decisions dealing with the waiver of rights have been confined to enunciating what is minimally required under the United States Constitution to validly waive a right. None of the decisions suggest or imply that the States cannot require or mandate greater safeguards or protections than those envisioned by the Constitution's provisions. The Court feels that the State of Arkansas has sought to achieve that precise result, a greater protection of the rights of alleged alcoholics than that minimally provided by the United States Constitution.

It appears to the Court that all parties have acted in the best of faith to extend the protection of the law to a class of persons who frequently may not be in an adequate position to protect themselves. The Court wishes to effectuate the mutual desire of the parties and commends them on their efforts to remedy future injustices. This Court unquestionably agrees that alleged alcoholics are in need of greater safeguards for the protection of their rights. The present case abundantly illustrates the need for added protections in cases involving alleged alcoholics. According to the allegations in the complaint, the plaintiff was, in fact, an alcoholic at one time. The plaintiff quit drinking, however, and began attending meetings of Alcoholics Anonymous. The plaintiff's abstinence and attendance at AA meetings allegedly continued for a substantial period of time prior to commencement of this lawsuit. The plaintiff's complaint alleges that her husband, an alleged

alcoholic himself, and her son, an alleged mental patient, sought to have her committed not because her alcoholism problem had reoccurred but because she had consulted an attorney about procuring a divorce from her husband. The complaint further alleges that plaintiff lost her job at a nursing home as a result of the commitment proceedings instituted by her husband and son. If the allegations set forth in the plaintiff's complaint had been established by the evidence presented at a trial, no one would seriously disagree that Ms. Burr had been subjected to a gross and intolerable injustice. Nor would there be any serious contention other than that Arkansas' statutory provisions pertaining to the involuntary commitment of alleged alcoholics had been utilized as an instrumentality of retaliation and vindictiveness.

The Court fully understands and appreciates the problems which all judges must confront in the daily administration of justice. All judges, whether state or federal, face ever increasing caseloads and the problems of disposing of case backlogs. The Court has no desire to hamper or impede the orderly functioning of state judicial processes or to protract proceedings in state tribunals. But this Court has an obligation which supersedes and overrides all other interests and that obligation is to insure and protect individual rights, freedoms and liberties. This is particularly true in those cases involving individuals who are least able to protect themselves. The primary concern of this Court must therefore be the protection and assurance of individual rights rather than the waiver of them.

The Court has two alternatives, approval of the proposed consent decree, or the rejection of it. The Court is not free to modify the proposed decree unless all parties consent to the modification. In the present case the plaintiff's attorneys are unwilling to agree to the modification proposed by the Executive Committee of the Arkansas Judicial Council. Plaintiff's counsel feel that the deletion of the language suggested by the Council will negate the protection of the plaintiff's rights and the rights of oth-

ers similarly situated. The Court must, accordingly, either approve the consent decree as written or reject it entirely. The Court feels that the proposed consent decree is acceptable as written. The intervention of legal counsel prior to the waiver of rights by an alleged alcoholic should not impose any undue burden on state judicial processes. To the contrary, the participation of counsel should not only serve to protect the rights of an alleged alcoholic but it should also insure that a waiver of rights, if made, is made with knowledge of the consequences of the waiver. Furthermore, as the Court has previously stated, we are not inclined to place judicial expediency above the protection of individual rights. The Court regards the proposed consent decree as reasonable, prudent and just. Accordingly, the Court hereby approves the proposed consent decree submitted by the parties without modification.

## CONSENT DECREE

The parties, being desirous of settling this action by appropriate decree, agree to the jurisdiction of this Court over the respective parties and subject matter of this action and hereby waive the entry of findings of fact and conclusions of law. The parties hereto being desirous of avoiding protracted and unnecessary litigation accept this decree as final and binding upon the parties hereto as to the issues resolved herein. This decree, being entered with the consent of the Defendants, shall not constitute an admission, adjudication or finding of the merits of the case and the Defendants specifically deny any violation of the law.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that:

This cause is certified as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, the Plaintiff class consisting of all persons who are presently or in the future will be subject for commitment as alcoholics pursuant to the provisions of Ark.Stat.Ann. § 83–701 *et seq.* (Repl.1976).

Until further Order of the Court, it is hereby Ordered that the Defendants, their agents, servants, employees and attorneys shall not accept any person committed pursuant to Ark.Stat.Ann. § 83–709 *et seq.* (Repl.1976) unless the following procedures have been implemented, to wit:

In addition to the procedures found at Ark.Stat.Ann. § 83–709 *et seq.* (Repl.1976):

A. The petition and court order which must be served on the alleged alcoholic pursuant to Ark.Stat.Ann. § 83–709(c), shall also contain a separate notice setting forth the constitutional rights of the alleged alcoholic at the involuntary commitment hearing.

B. In no event shall a waiver be included with the papers served on the alleged alcoholic which can be signed by the alleged alcoholic without a court appearance.

C. At the hearing the probate judge shall advise the alcoholic of his/her rights and shall appoint counsel for the alleged alcoholic if he/she is unable to afford counsel. The alleged alcoholic may knowingly waive any or all of his/her legal rights by executing a waiver in the presence of the probate judge and upon advice of counsel.

The remaining allegations and causes of action of the plaintiff herein are dismissed without prejudice.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that pursuant to 42 U.S.C. § 1988, the Defendants shall pay to Plaintiffs' attorneys, Central Arkansas Legal Services, Inc., the sum of six hundred dollars ($600.00).

Jurisdiction of this Court is retained for further proceedings if necessary to insure that the relief granted herein is provided to all members of the Plaintiff class. The costs are adjudged against the Defendants.